TINMAN v BLUE CROSS AND BLUE SHIELD OF MICHIGAN

Docket No. 243652. Submitted June 15, 2004, at Detroit. Decided
December 7, 2004, at 9:05 a.m.

Tzvih Tinman, by his next friends Ilene and Michael Tinman,
brought an action in the Wayne Circuit Court against Blue Cross
and Blue Shield of Michigan on behalf of himself and all other
similarly situated individuals, alleging that the defendant system-
atically violated MCL 550.1418 by denying insurance coverage for
emergency services on the basis of the insured's final diagnosis,
violated MCL 550.1402(1)(a) and (d) by misrepresenting certain
facts and refusing to pay certain claims, and breached its contracts
with subscribers by denying coverage for emergency service on the
basis of the final diagnosis. In lieu of filing an answer, the
defendant moved for summary disposition, arguing in part that
MCL 550.1402(11) did not include a right to sue for alleged
violations of MCL 550.1418. Before the court ruled on the sum-
mary disposition motion, the plaintiff moved for class-action
certification. The court, Sharon Tevis Finch, J., granted the
defendant's summary disposition motion in part and denied it in
part, concluding that, while MCL 550.1418 did not permit a
private cause of action, MCL 550.1402 nonetheless permitted an
action for violations of MCL 550.1418. The court also granted the
plaintiff's motion and certified the action as a class action. The
defendant subsequently removed the suit to federal court, where it
moved for summary judgment and decertification of the class
action. The federal court dismissed certain potential claims by
class members and remanded the plaintiff's remaining state law
claims to the Wayne Circuit Court. The defendant moved in the
Wayne Circuit Court to decertify the class action, arguing that the
plaintiff's class definition was inadequate and that the plaintiff's
action did not meet the requirements for class-action certification.
The court, Warfield Moore, Jr., J., treated the defendant's motion
as a motion for reconsideration of the order certifying the class
action and denied it, concluding that it was not timely and that it
presented issues that had been previously decided or should have
been previously raised. The court also analyzed the defendant's
motion as a motion for decertification of the class action under

MCR 3.501 and concluded that the plaintiff's action continued to satisfy the class-action certification requirements. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The Court of Appeals had jurisdiction to grant leave to appeal because the defendant timely requested leave to appeal after the trial court denied its motion to decertify the class action. The fact that the defendant also asserted on appeal that the trial court initially erred in certifying the class action does not transform the application for leave to appeal into an untimely appeal of the earlier order certifying the class action.

2. MCR 3.501 does not require that a motion to decertify a class action be brought within a specific time and a party is not required to demonstrate a change in circumstances before a court may properly decertify the class action. The motion must be treated as a distinct and independent motion that implicates the same consideration as a motion to certify a class action, rather than as a motion for reconsideration of the class-action certification. A court's decision to deny a motion to decertify a class action is reviewed for clear error.

3. A motion to decertify a class action renews the burden of the party seeking class-action certification to establish that the requirements of MCR 3.501 are satisfied.

4. The court clearly erred in concluding that class-action certification was warranted under MCR 3.501 and erred in denying the defendant's motion to decertify the class action. Because individual assertions of fact predominated over the broadly stated question common to the class, the commonality requirement of MCR 3.501(A)(1)(b) was not met. To determine the defendant's liability, highly individualized inquiries regarding the circumstances relevant to the claim of each claimant, including the type of services provided, various medical conditions and symptoms, and the circumstances of the denial of payment, must be made and the circumstances will vary from claimant to claimant.

Reversed and remanded for further proceedings.

1. ACTIONS — CLASS ACTIONS — MOTIONS TO DECERTIFY CLASS ACTIONS.

A motion to decertify a class action need not be brought within a specific time and does not require a party to demonstrate a change in circumstance before a class action may be properly decertified; the motion must be treated as a distinct and independent motion, rather than as a motion for reconsideration of the class-action certification (MCR 3.501).

2. ACTIONS — CLASS ACTIONS — MOTIONS TO DECERTIFY CLASS ACTIONS —
    STANDARD OF REVIEW.

    A trial court's decision on a motion to decertify a class action is
    reviewed for clear error.

3. ACTIONS — CLASS ACTIONS — MOTIONS TO DECERTIFY CLASS ACTIONS — BURDEN
    OF PROOF.

    A motion to decertify a class action renews the burden of the party
    seeking class-action certification to establish that the require-
    ments of MCR 3.501 are satisfied.

*Elwood S. Simon & Associates, P.C.* (by *Elwood S.
Simon, Michael G. Wassman,* and *Lance C. Young*), and
*Lebenbom & Pernick, LLP* (by *Stuart Lebenbom*), for
the plaintiffs.

*Bodman, Longley & Dahling LLP* (by *James J.
Walsh, Julie A. Lawson,* and *G. Christopher Bernard*)
and *Joseph W. Murray* and *Colleen C. Cohan* for the
defendant.

Before: MARKEY, P.J., and WILDER and METER, JJ.

WILDER, J. In this class action, defendant appeals by
leave granted the trial court's denial of defendant's
motion to decertify the class action. We reverse.

I

At all times relevant to this appeal, plaintiff, Tzvih
Tinman, was provided health care coverage through the
contract (also known as a "certificate") between his
father, Michael Tinman, and defendant, Blue Cross and
Blue Shield of Michigan (BCBSM). On June 14, 1999,
plaintiff's mother, Ilene Tinman, took plaintiff, then
eleven years old, to the emergency room at William
Beaumont Hospital in Detroit because he was vomiting
and had a fever. Plaintiff, who suffers from a debilitat-
ing illness, had undergone surgery to correct scoliosis a

few days before visiting the emergency room. Hospital personnel treated plaintiff and released him to the care of his home nurse. Subsequently, plaintiff's health care providers billed defendant for plaintiff's emergency room care. Although defendant paid the laboratory component of the facility charge resulting from plaintiff's visit, defendant denied payment for the remainder of the facility charge, including charges from the pharmacy and for medical supplies, and the physician charge. Defendant then sent plaintiff an explanation of benefits (EOB) form that, with regard to a portion of the claim, explained that

> [t]his service is not payable because the diagnosis reported on the claim does not meet our criteria for a medical emergency. However, if you believe the patient's signs and symptoms could have resulted in serious bodily harm or death, please contact your physician to be sure those symptoms were reported, or call the BCBSM Customer Service number at the top of the first page of this statement.

Regarding the other charges for which defendant denied coverage,[1] the EOB stated that "[a] portion of this service isn't payable because your contract covers it only when the condition treated is either life threatening or it is the result of an accidental injury caused by an outside force." Although the EOB stated that it was not a bill, plaintiff's father immediately paid the hospital the balance remaining for the charges for which the EOB indicated a denial of coverage.

Shortly thereafter, on October 8, 1999, plaintiff filed a complaint in the Wayne Circuit Court on behalf of himself and other similarly situated individuals, alleg-

---

[1] It is not clear from the record which reason for denial stated in the EOB pertained to the physician charge and which reason referred to the facility charge.

ing in count one that defendant systematically violates MCL 550.1418[2] by denying coverage for emergency health care services on the basis of the insured's final diagnosis. Plaintiff asserted that because a federal law requires health care facilities to screen patients upon entry to an emergency department to determine whether the patient suffers from an "emergency medical condition," by the time the patient has been admitted, the hospital has determined that a medical emergency exists. Therefore, plaintiff alleged, because the definition of "emergency medical condition" in the federal law mirrors the description in MCL 550.1418, defendant must provide coverage for emergency health care services rendered from the time of the federally mandated assessment until the point of patient stabilization.

---

[2] MCL 550.1418 provides:

(1) A health care corporation certificate that provides coverage for emergency health services shall provide coverage for medically necessary services provided to a member for the sudden onset of a medical condition that manifests itself by signs and symptoms of sufficient severity, including severe pain, such that the absence of immediate medical attention could reasonably be expected to result in serious jeopardy to the individual's health or to a pregnancy in the case of a pregnant woman, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part. A health care corporation shall not deny payment for emergency health services up to the point of stabilization provided to a member under this subsection because of either of the following:

(a) The final diagnosis.

(b) Prior authorization was not given by the health care corporation before emergency health services were provided.

(2) As used in this section, "stabilization" means the point at which no material deterioration of a condition is likely, within reasonable medical probability, to result from or occur during transfer of the patient.

Plaintiff also asserted in count one that, by allegedly denying coverage on the basis of the final diagnosis, defendant violates MCL 550.1402. MCL 550.1402(1)(a) prohibits health care corporations from "[misrepresenting] pertinent facts or certificate provisions relating to coverage" and MCL 550.1402(1)(d) prohibits "[refusal] to pay claims without conducting a reasonable investigation based upon the available information."[3] In count two, plaintiff asserted that defendant's conduct in denying coverage for emergency health care services on the basis of the final diagnosis constitutes a breach of its contracts with its subscribers. In lieu of filing an answer, defendant filed a motion for summary disposition in which it asserted, among other things, that the right of action described in MCL 550.1402(11)[4] does not encompass the right of plaintiff to sue defendant for alleged violations of MCL 550.1418. After defendant moved for summary disposition, but before the trial court ruled on defendant's motion, plaintiff filed a motion requesting class-action certification. Regarding the "commonality" requirement of MCR 3.501(A)(1)(b),[5] plaintiff asserted that "the single pre-

---

[3] Plaintiff further alleged in count one that defendant's conduct violates MCL 500.3406k. The trial court granted defendant's subsequent motion for summary disposition regarding that assertion. Plaintiff's claim based on that statute is not relevant on appeal.

[4] MCL 550.1402(11) states:

> In addition to other remedies provided by law, an aggrieved member may bring an action for actual monetary damages sustained as a result of a violation of this section. If successful on the merits, the member shall be awarded actual monetary damages or $200.00, whichever is greater, together with reasonable attorneys' fees. If the health care corporation shows by a preponderance of the evidence that a violation of this section resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error, the amount of recovery shall be limited to actual monetary damages.

[5] Commonality is the only requirement of MCR 3.501(A)(1) at issue on appeal.

dominate question common to the Class is whether BCBSM violates Michigan law and its Certificates when it denies health care benefits for emergency health care services based on the final diagnosis."

The trial court, Judge Sharon Tevis Finch, granted defendant's motion in part and denied it in part. In its written opinion, the trial court concluded that, while MCL 550.1418 does not permit a private cause of action, MCL 550.1402 nevertheless permits a cause of action for violations of that statute. The trial court stated that

> the *subject conduct embraced* by MCL 550.1418 (i.e. denial of benefits based on final diagnosis) provides the predicate for an action under one or more of the listed prohibited types of conduct under MCL 550.1402(1)(a)-(m). The fact that MCL 550.1418 does not provide a remedy does not bar plaintiff from an akin [sic] suit under MCL 550.1402. [Emphasis added.]

The trial court also granted plaintiff's motion to certify a class action. With regard to the "commonality" requirement, the trial court stated:

> Contrary to the tenor of defendant's argument, the rule does not require that all questions necessary for resolution be common, rather that there be "a common question of law or fact," . . . . Here, the predominant issue is whether defendant violates statutory law (i.e. MCL 550.1402) and its certificates if and when it denies benefits for emergency services based upon a final diagnosis. The [c]ourt finds the rule satisfied.

Consequently, as plaintiff requested, the trial court certified a class consisting of

> all persons who, during the period from June 9, 1998, through the present, were, are[,] and will be entitled to receive health care benefits from Blue Cross & Blue Shield of Michigan (BCBSM) for emergency health care services, but were, or will be, denied health care benefits for

emergency health care services by BCBSM based on the final diagnosis of their medical condition (excluding any officers or directors of BCBSM, and their family members).

The trial court did not separately address the propriety of certifying each count of plaintiff's complaint, but determined that, as a whole, plaintiff's suit merited class-action certification.

Defendant subsequently removed plaintiff's suit to federal court, claiming that certain claims of potential class members were governed by the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.*, which provided federal question jurisdiction. In federal court, defendant requested summary judgment and de-certification of the class action. The federal district court dismissed the potential claims affected by ERISA because the class members had not complied with ERISA's requirement that they exhaust their administrative remedies. *Tinman v Blue Cross & Blue Shield of Michigan,* unpublished memorandum opinion and order of the United States District Court, Eastern District of Michigan, issued January 31, 2002 (Docket No. 00-CV-72327-DT). Because the federal court dismissed the ERISA-related claims, it remanded plaintiff's remaining state law claims to the Wayne Circuit Court. The federal court also stated that, in light of its remand, defendant's motion to decertify the class action was moot and could be renewed in state court. On remand, this case was assigned to Judge Warfield Moore, Jr., as successor to Judge Finch.

On March 27, 2002, defendant filed a motion in the trial court to decertify the class action.[6] Defendant

---

[6] Defendant stated on the face of its motion that the motion had originally been filed in the United States District Court. The document does not reflect that defendant revised the motion and brief to reflect that

argued that plaintiff's class definition was inadequate and that plaintiff's action did not meet the requirements for class-action certification. Relevant to this appeal, defendant claimed that the class definition was deficient because each potential class member's medical records would need to be examined to determine whether an individual was "eligible to receive health care benefits . . . for emergency health care services." Defendant also asserted that the commonality requirement was not satisfied because of the highly individualized questions presented in this case and the fact that the common question identified does not advance the litigation. Plaintiff responded that defendant's practice of rejecting claims on the basis of the final diagnosis, in and of itself, violates the law, and that individualized inquiries are not necessary.

Without conducting oral argument, the trial court issued an opinion denying defendant's motion for decertification. In its opinion, the trial court first analyzed defendant's motion as if it were a motion for reconsideration of the order certifying the class action, pursuant to MCR 2.119(F). The trial court denied defendant's motion, deciding that it was not a timely filed motion for reconsideration and that it presented issues that had been previously decided or should have been previously raised. The trial court alternatively analyzed the motion as a motion for decertification premised on MCR 3.501 and concluded that plaintiff's action continued to satisfy that rule's certification requirements.

Defendant sought and this Court granted leave to appeal the trial court's denial of defendant's motion, limited to the issues whether plaintiff's class definition

the motion would be decided pursuant to state law, rather than federal law. Similarly, plaintiff's response appears to have initially been filed in the federal district court.

requires consideration of the merits of each potential class member's claim to determine class membership and whether individual questions of fact predominate over questions common to the class.

II

This Court reviews de novo questions concerning the interpretation of statutes and court rules. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

As discussed below, we review the trial court's decision on a motion for decertification for clear error, applying the same standard applicable to our review of a trial court's decision on a motion for certification. See *Hamilton v AAA Michigan*, 248 Mich App 535, 541; 639 NW2d 837 (2001). A finding is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *Neal v James*, 252 Mich App 12, 15; 651 NW2d 181 (2002).

III

A. PRELIMINARY CONSIDERATIONS

Before addressing the specific issues defendant raises, we must address certain preliminary issues presented in this case.

1. THIS COURT'S JURISDICTION

Plaintiff asserts that this Court lacked jurisdiction to grant defendant's application for leave to appeal, contending that because defendant's argument on appeal, that the trial court improperly certified the class, is the same argument defendant originally raised in opposition to plaintiff's request for certification, this case

should be characterized as an appeal from the trial court's original order certifying the class action, an order from which defendant failed to request leave to appeal within twenty-one days. We disagree. MCR 7.205(A) states that an application for leave to appeal must be filed "within 21 days after entry of the judgment or order to be appealed from or within other time as allowed by law or rule." Defendant requested leave to appeal within twenty-one days after Judge Moore denied its motion to decertify the class action. The fact that defendant also asserts on appeal that Judge Finch erred by initially certifying the class action does not transform defendant's application for leave to appeal Judge Moore's order denying decertification into an untimely appeal of Judge Finch's order granting certification. We therefore conclude that this Court has jurisdiction to address defendant's appeal.

### 2. STANDARD OF REVIEW FOR MOTIONS FOR DECERTIFICATION

The trial court first treated and denied defendant's motion for decertification as an untimely motion for reconsideration under MCR 2.119(F).[7] A trial court's

---

[7] MCR 2.119(F) provides:

(1) Unless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 14 days after entry of an order disposing of the motion.

(2) No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs.

(3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the

decision on a motion for reconsideration is reviewed for an abuse of discretion. *Kokx v Bylenga*, 241 Mich App 655, 658; 617 NW2d 368 (2000). Relying on federal precedent, plaintiff asserts that the trial court was correct to treat defendant's motion to decertify the class action as a motion for reconsideration under Michigan law. We disagree.

MCR 3.501, which governs class actions, does not expressly address the filing of motions to decertify a previously certified class action. Moreover, neither this Court nor the Michigan Supreme Court has addressed in a published opinion the manner in which a motion for decertification of a class action or a motion for class revocation should be treated. Because there is limited guidance in Michigan law, plaintiff argues that federal jurisprudence applicable to the filing of motions for decertification in the federal courts should be applied in this case. While this Court has applied federal law when construing other provisions of MCR 3.501, it has done so because the provision of MCR 3.501 at issue was analogous to a provision of FR Civ P 23. *Zine v Chrysler Corp*, 236 Mich App 261, 287 n 12; 600 NW2d 384 (1999) (stating that "it is appropriate to consider federal cases construing the *similar* federal court rule" [emphasis added]).

We first apply the rules of statutory construction when interpreting the Michigan Court Rules. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). Thus, if the language of the court rule at issue is clear and unambiguous, we must conclude that the plain meaning of the rule was intended and enforce the rule as written. See *Hill v Sacka*, 256 Mich App 443, 447; 666 NW2d 282 (2003). Further, we are to read

---

parties have been misled and show that a different disposition of the motion must result from correction of the error.

nothing into the court rule that does not reflect the intent as expressed in the plain language of the rule. *Id.* at 447-448.

In this instance, the text of MCR 3.501 explicitly states that class-action certification may be revoked.[8] The federal counterpart to MCR 3.501, FR Civ P 23,[9] does not expressly provide for decertification or revoca-

---

[8] See, e.g., MCR 3.501(B)(3)(d)(ii) (stating that the court may divide the class for purposes of "certifying, denying certification, or *revoking* a certification" [emphasis added]), MCR 3.501(B)(3)(e) (stating that "[i]f certification is denied or *revoked,* the action shall continue by or against the named parties alone" [emphasis added]); and MCR 3.501(C)(1) (requiring notice to individuals initially included in a class but then excluded "by amendment or *revocation* of the certification" [emphasis added]).

[9] FR Civ P 23 provides, in pertinent part:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

tion of a class action, stating instead that "[a]n order
under Rule 23(c)(1) [certifying a class action] may be

---

(2) the party opposing the class has acted or refused to act on
grounds generally applicable to the class, thereby making appro-
priate final injunctive relief or corresponding declaratory relief
with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to
the members of the class predominate over any questions affecting
only individual members, and that a class action is superior to
other available methods for the fair and efficient adjudication of
the controversy. The matters pertinent to the findings include: (A)
the interest of members of the class in individually controlling the
prosecution or defense of separate actions; (B) the extent and
nature of any litigation concerning the controversy already com-
menced by or against members of the class; (C) the desirability or
undesirability of concentrating the litigation of the claims in the
particular forum; (D) the difficulties likely to be encountered in
the management of a class action.

(c) Determining by Order Whether to Certify a Class Action;
Appointing Class Counsel; Notice and Membership in Class;
Judgment; Multiple Classes and Subclasses.

(1) (A) When a person sues or is sued as a representative of a
class, the court must—at an early practicable time—determine by
order whether to certify the action as a class action.

* * *

(C) An order under Rule 23(c)(1) may be altered or amended
before final judgment.

* * *

(d) Orders in Conduct of Actions. In the conduct of actions to
which this rule applies, the court may make appropriate orders: (1)
determining the course of proceedings or prescribing measures to
prevent undue repetition or complication in the presentation of
evidence or argument; (2) requiring, for the protection of the
members of the class or otherwise for the fair conduct of the
action, that notice be given in such manner as the court may direct
to some or all of the members of any step in the action, or of the
proposed extent of the judgment, or of the opportunity of members
to signify whether they consider the representation fair and

altered or amended before final judgment." FR Civ P 23(c)(1)(C). Pursuant to this language, federal courts have treated class-action certification as a law-of-the-case ruling, which precludes decertification of the class action absent a showing that there has been a change of circumstances during the litigation (akin to the kind of palpable error that would support the grant of a motion for reconsideration).[10] Under federal law, the law-of-the-case doctrine applies to prior decisions of a trial court. See *In re Jackson Nat'l Life Ins Co Premium Litigation*, 209 FRD 134, 138 (WD Mich, 2002) (stating that " 'a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation' " [citation omitted]). Under Michigan law, however, the law-of-the-case doctrine does not apply to prior trial court decisions. *Baks v Moroun*, 227 Mich App 472, 498; 576 NW2d 413 (1998), abrogated on other grounds *Estes v Idea Engineering & Fabricating, Inc*, 250 Mich App 270; 649 NW2d 84 (2002). Moreover, MCR 2.613(B) permits a successor judge to correct any errors made by a prior judge. For these reasons alone, the federal precedent relied on by plaintiff is not per-

---

adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.

[10] Plaintiff cites, among other cases, *Winkler v DTE, Inc*, 205 FRD 235, 239 (D Ariz, 2001), *Doe v Karadzic*, 192 FRD 133, 136-137 (SD NY, 2000), and *Wilder v Bernstein*, 645 F Supp 1292 (SD NY, 1986). In discussing motions to decertify a class action, the *Wilder* court stated, in part, "jurisprudential concerns that underlie the law-of-the-case doctrine counsel against reopening issues previously decided in an action absent compelling circumstances to justify taking a 'second look.' " *Wilder, supra* at 1310; see also *id.* at 1311, 1312 n 15.

suasive in construing MCR 3.501 as it pertains to motions to decertify a class action.

MCR 3.501(B)(3)(d)(ii) and (e) and MCR 3.501(C) do not specify any time limitation within which the revocation of class-action certification must be requested. The plain language of MCR 3.501(B)(3)(d)(ii) and (e) and MCR 3.501(C) also does not preclude a motion to decertify the class action if certification was not initially opposed, and, if certification was opposed, does not require a motion to decertify to have any specific relationship to the defendant's initial opposition to certification. On the other hand, MCR 2.119(F), governing motions for reconsideration, establishes a specific deadline within which a party may request a trial court to reconsider a particular decision, and limits the basis on which reconsideration may be requested. We therefore construe MCR 3.501 to require that motions for decertification be treated as distinct and independent motions that implicate the same considerations as a motion to certify a class action, rather than as a motion for reconsideration.[11] As with a trial court's decision to grant certification of a class action, we review the trial court's decision to deny a motion to decertify a class action for clear error. See *Hamilton, supra.*

### 3. BURDEN OF PROOF

Plaintiff argues, without citing supporting authority, that the burden of proof rests with defendant to establish that the requirements of MCR 3.501 are not satis-

---

[11] We are aware that, because there is no change-in-circumstances prerequisite to bringing a motion for decertification, it is theoretically possible for opponents of certification to file multiple motions for decertification as a litigation tactic. In our judgment, MCR 2.114, which prohibits the filing of motions for groundless or improper purposes, sufficiently deters such a practice.

fied. Under Michigan law, the party requesting certification bears the initial burden to demonstrate that MCR 3.501 is satisfied. *Neal, supra* at 16. Certain federal jurisdictions imposing the same requirement place the burden of satisfying the class-action certification requirements on the proponent of certification throughout the litigation, even in the face of a motion to decertify the class action. See *Smith v Armstrong*, 968 F Supp 50, 53 (D Conn, 1997); *Ellis v Elgin Riverboat Resort*, 217 FRD 415, 419 (ND Ill, 2003) ("The party seeking class certification bears the burden of demonstrating that initial certification is appropriate and likewise on a motion to decertify the class, bears the burden of producing a record demonstrating the continued propriety of maintaining the class action." [Citations omitted.]). Because we treat a motion to decertify a class action like a motion for certification of a class action, and because federal law regarding the burden of proof appears to be consistent with Michigan law, we conclude that defendant's motion to decertify the class action renewed plaintiff's burden to establish that the requirements of MCR 3.501 are satisfied.

### B. COMMON QUESTIONS DO NOT PREDOMINATE

Defendant contends that the common question identified by the trial court in certifying the class action does not advance the litigation, and that, instead, individual questions of fact predominate over the issues common to the class in this case such that the requirements of MCR 3.501(A)(1)(b) are not met. We agree.

In granting class-action certification the trial court ruled that, while MCL 550.1418[12] does not authorize a private right of action, plaintiff could nevertheless

---

[12] MCL 550.1418(1) states, in relevant part:

proceed on the theory that defendant's denial of coverage on the basis of the final diagnosis (conduct directly regulated by MCL 550.1418) constitutes a violation of MCL 550.1402, and that "the predominant issue [in the case] is whether defendant violates statutory law . . . and its certificates if and when it denies benefits for emergency services based upon a final diagnosis." Stated differently, the plaintiff asserted, and the trial court found, that whether defendant's alleged "systematic practice" of rejecting emergency claims based on the final diagnosis violates MCL 550.1402 is a common question of fact and law meeting the requirements of MCR 3.501(A)(1)(b). We disagree.

As this Court stated in *Zine, supra* at 289:

> The common question factor is concerned with whether there "is a common issue the resolution of which will advance the litigation." *Sprague v General Motors Corp,* 133 F3d 388, 397 (CA 6, 1998) . . . . It requires that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Kerr v West Palm Beach,* 875 F2d 1546, 1557-1558 (CA 11, 1989).

The court in *Sprague* also stated, "It is not every common question that will suffice, however; at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality." *Sprague, supra* at 397. A plaintiff seeking class-action certifica-

---

A health care corporation certificate that provides coverage for emergency health services shall provide coverage for medically necessary services provided to a member for the sudden onset of a medical condition that manifests itself by signs and symptoms of sufficient severity . . . . A health care corporation shall not deny payment for emergency health services up to the point of stabilization provided to a member under this subsection because of . . . [t]he final diagnosis.

tion must be able to demonstrate that "all members of the class had a common injury that could be demonstrated with generalized proof, rather than evidence unique to each class member . . . . [T]he question is . . . whether 'the common issues [that] determine liability predominate.' " *A&M Supply Co v Microsoft Corp*, 252 Mich App 580, 600; 654 NW2d 572 (2002) (citations omitted). See also *Van West v Midland Nat'l Life Ins Co*, 199 FRD 448, 453 (D RI, 2001) ("The predominance requirement . . . is more stringent [than] the commonality requirement . . . .").

Here, the trial court broadly framed a common question that merely encompasses the legal claim in this case. As correctly asserted by defendant, a highly individualized inquiry must take place to determine whether defendant engaged in a reasonable investigation based on the available information before denying a particular claim. In other words, whether a potential class member is "entitled" to coverage for emergency health services depends at least in part on whether the individual's condition rose to the level described in MCL 550.1418. In the context of plaintiff's contention that defendant's alleged violation of MCL 550.1418 also comprises a violation of MCL 550.1402, it must be determined with respect to each claimant whether the claimant was provided emergency health services "for medically necessary services" resulting from "the sudden onset of a medical condition that manifest[ed] itself by signs and symptoms of sufficient severity," as well as whether any denial of payment was for emergency health services up to or after the point of stabilization. The same inquiries apply in regard to plaintiff's assertion that defendant's alleged violation of MCL 550.1418 also constitutes a breach of contract.

Rather than being subject to generalized proofs, the evidence of the type of emergency health services and

medically necessary services provided, the medical conditions involved and whether they occurred suddenly, the signs and symptoms that manifested those medical conditions, and whether payment was denied for services up to the point of stabilization will all vary from claimant to claimant. Thus, it is evident that to determine defendant's liability, highly individualized inquiries regarding the circumstances relevant to each claim clearly predominate over the more broadly stated common question in this case. The trial court clearly erred in concluding that class-action certification was warranted under MCR 3.501, and erred in denying defendant's motion to decertify the class action. See *Hamilton, supra* at 551 (stating that whether television and telephone services were "reasonably necessary" expenses depended on individual circumstances, making class-action certification improper); see also *Crosby v Social Security Admin*, 796 F2d 576, 581 (CA 1, 1986) (stating that the issue in that case, the reasonableness of a delay in time, "may be analyzed . . . only in the context of individual cases, and so any class-wide time requirements are inappropriate").

Having concluded that the trial court erred in denying defendant's motion to decertify the class action, we need not address defendant's additional claim on appeal that the class definition is inadequate.

### IV. CONCLUSION

Contrary to plaintiff's contention, this Court does have jurisdiction over defendant's appeal of the trial court's denial of defendant's motion for decertification. On appeal, we review the trial court's decision for clear error, and not for an abuse of discretion, because defendant's motion is properly considered as a motion to decertify the class action and not as an untimely

motion for reconsideration. Moreover, defendant is not required to demonstrate a change in circumstances before the trial court may properly decertify the class action, and the burden remains on the party requesting certification to establish that the prerequisites to class-action certification are satisfied. In the instant case, plaintiff cannot demonstrate that the requirements of MCR 3.501 are satisfied because the individual questions essential to determining defendant's liability predominate over the common questions presented. Therefore, the trial court clearly erred by denying defendant's motion for decertification.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.