■ Musette Batas et al., Appellants-Respondents, v Pruden-tial Insurance Company of America et al., Respondents-Appellants. [831 NYS2d 371]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 13, 2005, which, insofar as appealed or cross-appealed from, granted plaintiffs' motion for class certification solely to the extent of certifying a subclass to be represented by plaintiff Vogel on her cause of action for tortious interference with contract, and otherwise denied the motion, unanimously modified, on the law, to vacate the certification of the aforesaid subclass, the motion denied to the extent it sought certification of a subclass on the cause of action for tortious interference with contract, and otherwise affirmed, without costs.

The named plaintiffs in this putative class action are participants in health care plans offered or administered by defendant Prudential Insurance Company of America or its wholly owned subsidiary, defendant Prudential Health Care Plan of New York, Inc. (collectively, Prudential). In their complaint, plaintiffs allege that the contracts governing their respective plans provide that the plan will provide "all care—including hospitalization—that is deemed to be medically necessary in accordance with the prevailing medical opinion within the appropriate specialty of the United States medical profession" (internal quotation marks omitted). Plaintiffs further allege that, contrary to the alleged requirements of the plan documents, it is Prudential's practice to have unqualified lay personnel (rather than physicians) determine what care is medically necessary in a given situation, and to require such employees to make such determinations based on actuarial utilization review guidelines that allegedly conflict with generally accepted medical standards. Each named plaintiff alleges that Prudential has improperly denied her medical care based on such inappropriate review procedures, although neither plaintiff claims to have sustained any physical injury or out-of-pocket expense as a result of such denial.

On a prior appeal in this action (281 AD2d 260 [2001]), we upheld the legal sufficiency of plaintiffs' causes of action for breach of contract and deceptive business practices (id. at 261), and the legal sufficiency of plaintiff Vogel's cause of action for

tortious interference with her contractual rights under the self-funded benefit plan provided by her employer (*id*. at 266). Presently before us is Supreme Court's order denying plaintiffs class certification on their causes of action for breach of contract and deceptive business practices, and granting plaintiff Vogel certification of a limited subclass on her tortious interference cause of action. For the reasons discussed below, we modify to deny the motion for class certification in its entirety. The named plaintiffs remain free, of course, to pursue these claims—as well as their common-law fraud cause of action, which is not at issue on this appeal—on an individual basis.[1]

On the cause of action for breach of contract, plaintiffs seek certification of a class defined as follows: "All individuals who at any time [during the relevant period] . . . were subscribers to healthcare plans insured or administered by [Prudential] . . . to the extent such healthcare plans are exempt from the Employee Retirement Income Security Act of 1974 (ERISA)." We agree with Supreme Court that this class definition is "over-broad" insofar as it "includes all participants in, or subscribers to, Prudential's healthcare plans, regardless of whether these individuals were ever denied promised care or treatment based on the allegedly improper procedures and guidelines." That is to say, an individual who has not been denied promised, medically necessary care does not have a viable cause of action for breach of contract against Prudential, even if Prudential used an inappropriate process to review the claim, since only the denial of a promised benefit would constitute a breach of contract (*see Maio v Aetna, Inc.*, 221 F3d 472 [3d Cir 2000]; *Doe v Blue Cross Blue Shield of Md., Inc.*, 173 F Supp 2d 398 [D Md 2001]; *In re Managed Care Litig.*, 150 F Supp 2d 1330 [SD Fla 2001]; *Eisen v Independence Blue Cross*, 62 Pa D & C 4th 279 [Ct Com Pl 2002], *affd* 839 A2d 369 [Pa Super 2003], *appeal denied* 579 Pa 703, 857 A2d 679 [2004]). We are not persuaded by plaintiffs' argument that Prudential's use of an improper process to review claims should be deemed to constitute an actionable breach even in cases where that process did not result in the denial of promised care.

Plaintiffs' alternative suggestion that the class be limited to

---

1. Since plaintiffs' appellate briefs do not address Supreme Court's denial of class certification as to their cause of action for common-law fraud, plaintiffs are deemed to have abandoned their challenge to that aspect of the order under review. We also note that it is not entirely clear whether the claims for breach of contract and deceptive business practices are asserted by both named plaintiffs (as indicated by the complaint) or by plaintiff Batas alone (as plaintiffs' briefs seem to indicate). In either event, class certification was properly denied as to these claims.

plan participants who have been denied care through an improper review process is unavailing. If the class were so defined, each class member's recovery against Prudential for breach of contract would depend on a determination that the care denied to him or her was *medically necessary*. Thus, if the action were adjudicated on a class basis, the medical necessity issue—unique and complex in each class member's particular case—would predominate over the questions of law or fact common to the class as a whole (*see Doe*, 173 F Supp 2d at 406; *Pecere v Empire Blue Cross & Blue Shield*, 194 FRD 66, 71 [ED NY 2000]; *Paciello v Unum Life Ins. Co. of Am.*, 188 FRD 201, 204 [SD NY 1999], *affd* 213 F3d 626 [table; text at 2000 WL 669668, 2000 US App LEXIS 11580 (2d Cir 2000)]; *Tinman v Blue Cross & Blue Shield of Mich.*, 264 Mich App 546, 563-566, 692 NW2d 58, 67-68 [2004]). Since class litigation is appropriate only where issues common to the class "predominate over any questions affecting only individual members" (CPLR 901 [a] [2]), Supreme Court properly denied class certification as to the breach of contract claim.

The predominance of individual issues over class issues would not be obviated by accepting plaintiffs' suggestion to deem each person denied care through an improper review process, regardless of medical necessity, to be entitled to an order of specific performance directing Prudential to reevaluate the claim using appropriate procedures. The difficulty of this approach is that reprocessing the claims would be only the first step; every new claim review by Prudential that resulted in a new denial of care would then require individualized scrutiny of the medical necessity issue by the court (*see Paciello*, 188 FRD at 205 [class certification denied because, even if insurer were required to reconsider claims, the "real relief sought by the putative members of the class—money—can only be obtained in individual actions following inquiries into the individual situations of the allegedly disabled insureds"]). Thus, individual issues of medical necessity would predominate over class issues, whether the burden of proof as to medical necessity was borne by Prudential (as plaintiffs contend) or by the claimant.

Class certification was also properly denied on plaintiffs' cause of action for deceptive business practices, whether that claim is asserted under the New Jersey Consumer Fraud Act (NJCFA) (NJ Stat Ann § 56:8-1 *et seq.*) (New Jersey being the state where Prudential is headquartered) or sections 349 and 350 of article 22-A of the New York General Business Law (New York being the state where both named plaintiffs reside and allegedly were

injured).[2] To state a claim under either the NJCFA or General Business Law article 22-A, a plaintiff must allege and prove that he or she has suffered an actual injury (*see Gross v Johnson & Johnson-Merck Consumer Pharms. Co.*, 303 NJ Super 336, 344-345, 696 A2d 793, 797 [1997] [a claim under the NJCFA requires an "ascertainable loss . . . as a result of the unlawful conduct"]; *Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000] [to recover under General Business Law § 349, "a plaintiff must prove 'actual' injury"]). Thus, a putative class member will be entitled to recover for deceptive business practices under the statutory scheme of either New Jersey or New York only to the extent it is determined that he or she was denied medically necessary care as a result of Prudential's allegedly improper claim review procedures. As previously discussed, class certification is rendered inappropriate by the predominance the individualized inquiries into issues of medical necessity would have over the consideration of issues that can be resolved on a classwide basis.

Finally, the branch of the motion seeking to certify a subclass to be represented by plaintiff Vogel on her cause of action for tortious interference with contract should have been denied, as well. Supreme Court certified a subclass comprising all individuals who, during the relevant period, subscribed to the Concordia Health Plan (CHP), the self-funded plan offered by Vogel's employer and administered by Prudential, and "who sought care or treatment through an in-network primary care physician, but were denied care or treatment solely as a result of the pre-authorization or concurrent review procedures conducted by Prudential." Supreme Court certified this subclass based on its view that Vogel had raised an issue as to whether Prudential had caused a violation of her contractual rights under the CHP merely by requiring preauthorization or concurrent review of care ordered by an in-network primary care physician, whether or not such care was objectively medically necessary. Stated otherwise, Supreme Court believed it would be possible for Vogel to prove that, under the CHP, the determination of an in-network primary care physician as to the medical necessity of care the physician had ordered was final, and could not be over-

---

**2.** In the complaint, the deceptive business practices cause of action is pleaded under General Business Law article 22-A. In moving for class certification, plaintiffs, apparently recognizing that General Business Law article 22-A does not apply to transactions with consumers outside of New York (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324-325 [2002]), requested that a nationwide class be certified with regard to alleged violations of the NJCFA. In the alternative, plaintiffs request that a class of New York residents be certified for purposes of the claim under General Business Law article 22-A.

ridden by Prudential, the plan administrator. The contractual document that governs the CHP does not, however, support this rather generous view of the subscriber's rights.

The CHP contract provides that "[e]ligible charges" must be "ordered by a physician" and—as a separate requirement—be "medically or psychologically necessary." Further, the term "medically or psychologically necessary" is defined, in pertinent part, to mean services or supplies that "are adequate and essential for the evaluation and/or treatment of a disease, condition or illness," "can reasonably be expected to improve an individual's condition or level of functioning," and "are provided at the most cost-effective level of care." Thus, whether a subscriber is entitled to a given increment of care under the CHP contract depends, in substance, on whether such care is medically necessary. Neither Vogel nor Supreme Court identifies any provision of the CHP contract under which an in-network physician's order for a certain level of care would constitute a determination of the medical necessity for that care binding on Vogel's employer and on Prudential, as plan administrator. Accordingly, as with the breach of contract claim, the ability of a CHP subscriber to prevail against Prudential on the tortious interference claim depends on a determination that the subscriber was denied care that was medically necessary. Since, as previously discussed, the individualized inquiries into medical necessity would predominate over the consideration of any classwide issues, certification of the CHP subclass—either under the definition used by Supreme Court or under the broader definition proposed by Vogel—was inappropriate. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.