# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 5, 2007

133764

HEALING PLACE, LTD., HEALING PLACE
AT NORTH OAKLAND MEDICAL CENTER,
ANOTHER STEP FORWARD, NEW START,
INC., and MITCHELL DITTMAN, Guardian of
Linda Wallace, a legally incapacitated individual,
          Plaintiffs-Appellees,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133764
COA: 272438
Oakland CC: 05-063954-NF

On order of the Court, the application for leave to appeal the March 15, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

Because the Court of Appeals ultimately reached the right result in this unpublished opinion, I concur in the order denying leave to appeal. I write separately to point out two legal flaws in the Court of Appeals opinion.

First, the Court of Appeals grossly misinterpreted *Nasser v Auto Club Ins Ass'n,* 435 Mich 33 (1990), as standing for the shocking proposition that a defendant in a no-fault case is never entitled to summary disposition under MCR 2.116(C)(10) when a plaintiff has failed to prove that a medical expense was reasonable or necessary. The Court of Appeals erred as a matter of law by ruling that a plaintiff claiming reimbursement for reasonable and necessary medical expenses need not respond to a defendant's motion for summary disposition under MCR 2.116(C)(10). The Court of Appeals cited no authority for this novel proposition, and it contravenes the no-fault act and this Court's decision in *Maiden v Rozwood,* 461 Mich 109, 120-121 (1999). *Nasser*

merely held that "if it could be 'said with certainty' that an expense was both reasonable and necessary, the court could make the decision as a matter of law." *Nasser, supra* at 55 (citation omitted). This quotation cannot reasonably be construed to hold as a matter of law that only a no-fault plaintiff has a right to summary disposition on the issue of medical reasonableness and necessity.

Second, the Court of Appeals failed to review the trial court's ruling on plaintiff's motion for reconsideration under an abuse of discretion standard. *Tinman v Blue Cross & Blue Shield of Michigan*, 264 Mich App 546, 556-557 (2004).

MARKMAN, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2007

_____
Clerk

t1002