Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 10, 2009, which granted defendant’s motion to dismiss the amended complaint with prejudice, unanimously affirmed, with costs.
Plaintiff entered into a contract for defendant to provide, among other services, web hosting services for his Web site. Defendant’s services agreement provided that plaintiff would make periodic payments, and noted that service could be interrupted in the event of late payment. The agreement incorporated by reference an acceptable use policy (AUP) and provided that any breach of that policy would be grounds for suspension or termination of plaintiff’s account. Under the AUP, plaintiff agreed “not to abuse whether verbally or physically or whether in person, via email or telephone or otherwise . . . any employee or contractor of [defendant].”
The agreement also provided that plaintiffs account could be suspended for, among other things, breach of “any term” of the agreement, and in the event of suspension, defendant retained the “option” of giving plaintiff an “opportunity to correct” the breaching condition giving rise to the suspension. Upon failure to cure the breach, the account may be terminated “after a period of suspension.”
On November 11, 2007, plaintiff concededly breached the agreement by failing to timely pay Web site hosting fees. On the afternoon of Friday, November 16, plaintiff received a voice message from one of defendant’s employees advising him that his “account is due to renew; but we have not received payment on it. So, to avoid any interruption to your service, please give me a call back.” Plaintiff alleges that he promptly returned the call and left a voice message stating that he would be mailing the payment and that defendant would receive it no later than Tuesday, November 20, 2007.
*438 On the morning of Monday, November 19, plaintiff learned that his Web site had been suspended and was nonfunctional. Plaintiff was distressed and left defendant an “angry” voice message, using an obscene word to threaten to sue defendant if his Web site was not reactivated. That afternoon, defendant’s corporate secretary called plaintiff and informed him that, because of his “angry message,” defendant would not reactivate his Web site, and defendant would return any checks received from plaintiff. Plaintiff also alleges that, following the suspension, he repeatedly attempted to retrieve his Web site files, but that the links provided by defendant were not functional.
On November 30, 2007, defendant sent plaintiff a letter recapping the parties’ dispute and advising him that his account had been suspended since November 19 because of the lack of payment and that defendant had decided to terminate plaintiffs account, effective December 5, 2007, because of the suspension and the violation of the AUP
Presuming plaintiff’s allegations to be true and according them the benefit of every possible inference (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), plaintiff has failed to state a cause of action for breach of contract. Plaintiff concedes that he was in breach of the contract for failure to render timely payment. Plaintiffs argument that defendant waived the provisions of the agreement which required timely payment is raised for the first time on appeal, and we decline to consider it.
Plaintiffs appeal from the dismissal of his five other causes of action has been abandoned since he failed to address the claims in his brief (see Batas v Prudential Ins. Co. of Am., 37 AD3d 320, 321 n 1 [2007]). To the extent that plaintiff attempts to address these claims for the first time in his reply brief, they are also not entitled to consideration (see Duane Morris LLP v Astor Holdings Inc., 61 AD3d 418, 419 [2009]). Were we to review these claims, we would find that they were properly dismissed by the motion court. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ. [See 2009 NY Slip Op 30521(U).]