*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NOSAKHARE ONUMONU,

Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 363065
Wayne Circuit Court
LC No. 12-000687-01-FH

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Defendant Nosakhare Onumonu moved for relief from judgment under MCR 6.501 *et seq.*, requesting that the trial court vacate his 2015 murder convictions and grant him a new trial. At a hearing to announce its ruling, the trial court made several findings consistent with granting a new trial but ultimately concluded that an evidentiary hearing would be held first. The court then issued an internally inconsistent order—checking a box granting Onumonu's motion for relief from judgment but handwriting that an evidentiary hearing would be scheduled on whether to grant a new trial. Attempting to decipher the original judge's intent, a successor judge granted an evidentiary hearing but denied Onumonu's immediate request for a new trial.

On appeal, Onumonu argues that the successor judge erred by effectively overruling the original judge's determination that he was entitled to a new trial. We conclude that the successor judge did not abuse his discretion by ruling that an evidentiary hearing should be held before determining whether a new trial was warranted. For that reason, any decision from this Court on whether Onumonu is entitled to a new trial is premature because the trial court will make that decision in the first instance. We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a cold-case investigation of a 1999 murder, which ultimately led to Onumonu's jury-trial convictions in 2015 for "first-degree murder under dual theories of premeditated murder, MCL 750.316(1)(a), and felony murder, MCL 750.316(1)(b)." *People v Onumonu*, unpublished per curiam opinion of the Court of Appeals, issued July 13, 2017 (Docket No. 329100) (*Onumonu I*), pp 1-2. The central evidence supporting his convictions was the

testimony of a witness identifying Onumonu as the person inside the victim's vehicle shortly before her murder and DNA evidence from a glove found in the victim's vehicle that matched Onumonu's DNA profile. Onumonu appealed as of right in this Court, raising several claims of error in support. *Onumonu I*, unpub op at 2-14. This Court rejected his arguments and affirmed his convictions and sentences. *Id*. Our Supreme Court also denied Onumonu's application for leave to appeal. *People v Onumonu*, 503 Mich 945 (2019) (*Onumonu II*).

Soon after, in July 2019, Onumonu filed the motion for relief from judgment ("6.500 motion") at issue. In his motion, Onumonu asserted that in April 2018, an attorney filed a Freedom of Information Act (FOIA) request on his behalf with the Detroit Police Department. In response to the FOIA request, Onumonu allegedly received exculpatory evidence that had been withheld from the defense at the time of trial. Onumonu argued that the prosecution had committed *Brady*[1] violations by failing to disclose such evidence and that he was entitled to a *Franks*[2] hearing on alleged false statements in a detective's affidavit requesting a warrant to obtain Onumonu's DNA sample. The trial court, Judge Tracy Green presiding, heard oral argument on the 6.500 motion and took the matter under advisement.

At the next hearing, in December 2021, the confusion that is the subject of this appeal began. Judge Green made several findings consistent with granting a new trial, while also ordering an evidentiary hearing to determine whether a new trial should be granted. The court seemingly concluded that the prosecution committed multiple *Brady* violations by failing to disclose favorable evidence, including police reports identifying alternate suspects, to the defense before trial. Had this evidence been disclosed and the jury been presented with this information, the court believed that there was a reasonable likelihood Onumonu would have been acquitted. The court also found that a detective "knowingly and intentionally" included misleading information about the location of the glove in the affidavit requesting a warrant to obtain Onumonu's DNA sample.[3]

Following these findings, Judge Green stated that she was "going to give Mr. Onumonu relief, and we are going to have a new—not a new trial, an evidentiary hearing. . . ." She later summed up her conclusion again, stating, "I believe, however, that an evidentiary hearing is in order and that would serve as an investigation at least as a way of ferreting out what [I] actually heard here. And this is to determine whether there will be a new trial."

---

[1] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

[2] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

[3] According to Onumonu, the affidavit stated that the glove was recovered "from the homicide scene." Onumonu alleged that this statement was false because the glove was actually found in the victim's vehicle, while the victim's body was discovered in a nearby alley.

After the hearing, the court entered the following order:

A Motion for: __Motion for Relief from Judgment_____

_____ having been heard; and ___

the Court having reviewed the records in the Cause and being fully advised in the premises; and for reasons stated on the record:

IT IS ORDERED THAT the Motion for ____same_____

_____ be and

is hereby ☐ denied ☒ granted. **Motion for Relief from Judgment-GRANTED**

*Evidentiary Hearing on whether to grant new trial February 15, 2022 at 10:00 AM.*

Honorable    Tracy E. Green  p52400

*by the MI Wayne 3rd Circuit Court.*

Judge Green adjourned the evidentiary hearing scheduled for February 15, 2022 to appoint counsel for Onumonu. Before the hearing could occur, Judge Green was placed on "administrative leave" by the circuit court's Chief Judge and her "regular docket duties" were transferred to visiting Judge William Giovan. In June 2022, at the first hearing with Judge Giovan presiding, Onumonu argued that, in light of Judge Green's prior rulings on the record, he was entitled to a new trial and an evidentiary hearing was unnecessary. Because Judge Giovan believed that Judge Green's order was "internally inconsistent," he agreed to e-mail her to allow her to clarify the relief she intended to grant. Judge Green did not respond before the next scheduled hearing, and Judge Giovan suggested that he "m[ight] have made a mistake in asking [Judge Green] to rule." After again considering Onumonu's argument that Judge Green made findings that avoided the need for an evidentiary hearing, Judge Giovan explained that he was not bound as successor judge by Judge Green's ruling. Judge Giovan concluded that an evidentiary hearing was necessary to determine whether the allegations in Onumonu's 6.500 motion warranted a new trial. Judge Giovan then entered an order denying Onumonu's request for a new trial but granting an evidentiary hearing.[4]

Onumonu now appeals by leave granted.[5]

---

[4] Soon after, Judge Green responded to Judge Giovan's e-mail. She stated that she had "mischaracterized the relief" as an evidentiary hearing when she meant to grant a new trial. We decline to give weight or consideration to this e-mail because, as we will discuss, courts speak through their written orders, not through e-mail communications. See *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).

[5] *People v Onumonu*, unpublished order of the Court of Appeals, entered February 21, 2023 (Docket No. 363065).

-3-

## II.  ANALYSIS

This case rests on an unfortunate and avoidable series of procedural complexities.  We must first decide what relief the original trial judge ordered and then address whether the successor judge erred by ordering an evidentiary hearing.

### A.  PRINCIPLES OF LAW

We review for an abuse of discretion a trial court's decision on a motion for relief from judgment, *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010), and its decision whether to hold an evidentiary hearing, *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008).  A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or it makes an error of law.  *People v Rogers*, 338 Mich App 312, 320; 979 NW2d 747 (2021).  We review the proper interpretation of a court rule de novo.  *Swain*, 288 Mich App at 629.  That means we review the issue "independently, with no required deference to the trial court."  *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

A defendant who files a 6.500 motion has the burden of establishing entitlement to relief.  MCR 6.508(D).  Relief is not appropriate if the motion alleges claims of error that could have been raised on direct appeal, unless the defendant shows "good cause for failure to raise such grounds on appeal" and "actual prejudice"—that is, "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal[.]"  MCR 6.508(D)(3)(a) and (b)(*i*)(A).  "The court may waive the 'good cause' requirement . . . if it concludes that there is a significant possibility that the defendant is innocent of the crime."  MCR 6.508(D)(3).  The trial court may also decide that an evidentiary hearing is required before ruling on the motion.  See MCR 6.508(B) ("After reviewing the motion and response, the record, and the expanded record, if any, the court shall determine whether an evidentiary hearing is required.").  When the court is ready to rule, "[t]he court, either orally or in writing, shall set forth in the record its findings of fact and its conclusions of law, and enter an appropriate order disposing of the motion."  MCR 6.508(E).

### B.  RELIEF GRANTED BY ORIGINAL TRIAL JUDGE

We begin by determining the relief ordered by Judge Green.  Onumonu argues that Judge Green ordered a new trial, but the prosecution contends that the totality of the judge's rulings reveal that she only intended to hold an evidentiary hearing.

First, as noted, Judge Green made extensive findings on the record that, on their face, warrant a new trial.  Among other things, she seemingly found that the government suppressed favorable evidence from the defense that denied Onumonu his right to a fair trial.  See *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").  If Judge Green intended to definitively conclude that a *Brady* violation had occurred, the proper remedy would have been to grant a new trial.  See *People v Christian*, 510 Mich 52, 57; 987 NW2d 29 (2022).  But after discussing the merits of Onumonu's allegations, Judge Green unequivocally stated that she needed to hold an evidentiary hearing to investigate the substance of the claims "to determine whether there will be a new trial."  These conclusions at the

-4-

hearing are irreconcilable. Compounding this confusion, the court's written order "granted" Onumonu's motion for relief from judgment—which had requested that the court vacate his convictions and grant a new trial—while stating that there would be an "evidentiary hearing on whether to grant new trial."

Ultimately, "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Reading the written order entered by Judge Green, and attempting to reconcile it with the statements made on the record, we conclude that the judge ordered an evidentiary hearing on the claims raised in Onumonu's 6.500 motion to determine whether to grant a new trial. The language in the written order about an evidentiary hearing was handwritten by Judge Green and matched her statements at the end of the hearing that she was ordering an evidentiary hearing to determine whether Onumonu's claims had merit.

## C. DECISION BY SUCCESSOR JUDGE

Our conclusion supports Judge Giovan's decision to order an evidentiary hearing. Judge Giovan considered the internal inconsistency of his predecessor's rulings and believed that "the only possible intent that [Judge Green] had [was] to grant an evidentiary hearing on the claims made in the motion." Judge Giovan also pushed back on Onumonu's argument that Judge Green's findings were established, explaining that he was not bound by her decisions and that an evidentiary hearing would be held to determine whether the allegations in the 6.500 motion warranted a new trial. Under these unusual circumstances, Judge Giovan's decision to order an evidentiary hearing fell within the range of reasonable outcomes.[6]

For this reason, we also reject one of the prosecution's arguments—that even the decision to grant an evidentiary hearing, whether by Judge Green or Judge Giovan, was an abuse of discretion. Considering the fact-intensive arguments raised in Onumonu's 6.500 motion, including if and when particular evidence was disclosed to the defense, it was well within the range of reasonable outcomes for the trial court to decide that an evidentiary hearing should be held before granting or denying relief. The court had broad discretion to make this determination under MCR 6.508(B), so we discern no basis to disturb this decision on appeal. Before the evidentiary hearing, if Onumonu is no longer represented by counsel, the trial court must appoint an attorney for him. See MCR 6.505(A) ("Counsel must be appointed if the court directs that oral argument or an evidentiary hearing be held.").

---

[6] In Onumonu's application for leave to appeal, filed *in propria persona*, he argued that Judge Giovan violated the law of the case doctrine when he "overturned" Judge Green's legal conclusions and factual findings. Onumonu has not renewed this argument in his brief on appeal, but it would lack merit in any event. See *Prentis Family Foundation v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 53; 698 NW2d 900 (2005), citing *Tinman v Blue Cross Blue Shield of Mich*, 264 Mich App 546, 560; 692 NW2d 58 (2004) ("This Court recently determined that the law of the case doctrine did not apply to decisions of a trial court and that a successor judge could correct errors made by a prior judge.").

Finally, because we are affirming the trial court's decision to order an evidentiary hearing, it would be premature for us to rule on Onumonu's request for a new trial. The trial court will decide in the first instance, after the evidentiary hearing, whether Onumonu established entitlement to a new trial under MCR 6.508(D). Either party can later seek leave to appeal that decision.

Affirmed.


/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica