**Rachael LESSARD, et al., Plaintiffs,**

v.

**CITY OF ALLEN PARK,
et al., Defendants.**

**Larry PAGE, et al., Plaintiffs,**

v.

**City of Inkster, et al., Defendants.**

**Nos. CIV. 00–74306, CIV. 87–70992,
CIV. 00–75626, CIV. 77–71100.**

United States District Court,
E.D. Michigan,
Southern Division.

June 10, 2003.

Peter W. Macuga, II, Steven D. Liddle, Macuga & Liddle, Detroit, MI, for Plaintiff.

Kenneth A. Slusser, Johnson, Rosati, Farmington Hills, MI, for Defendant.

### Opinion and Order

FEIKENS, District Judge.

In *Pohutski v. Allen Park,* 465 Mich. 675, 641 N.W.2d 219 (2002), the Michigan Supreme Court held that its interpretation of the Michigan governmental tort liability act, MCLA § 691.1401 *et seq.,* which affords immunity to governmental agencies, i.e., cities and counties when engaged in governmental function, would only be applied prospectively. It held that "this decision will be applied only to cases brought on or after April 2, 2002." *Id.* at 699, 641 N.W.2d 219.

In its definition for the term "bring suit," Black's Law Dictionary says that "[t]o 'bring' an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit. A suit is 'brought' at the time it is commenced." Black's Law Dictionary 192 (6th ed.1990) (citations omitted). I interpret the Michigan Supreme Court's holding to

mean that only named plaintiffs in cases filed before April 2, 2002, are entitled to the *Hadfield v. Oakland County Drain Comm'r*, 430 Mich. 139, 145, 422 N.W.2d 205 (1988) interpretation of the trespass/nuisance exception. Thus, John Doe plaintiffs, Jane Doe plaintiffs, and other unidentified plaintiffs are barred by governmental immunity.

Plaintiffs contend that in class action certification cases, the statute of limitations is tolled for putative class members pending the outcome of the class certification. Thus, by analogy, the individual plaintiffs should not be barred by the April 2, 2002 cut-off date.

Plaintiffs' argument is not well taken. The April 2, 2002 cut-off date imposed by the Michigan Supreme Court is fundamentally different than that imposed by a statute of limitations. A statute of limitations is a known period of time which allows an alert plaintiff to file suit before his window of opportunity expires. However, the prospective application of governmental immunity in *Pohutski* was a change in the applicable law that does not require prior notice to the litigants.

Moreover, the purpose behind a statute of limitations and the *Pohutski* cut-off date is fundamentally different. Under Michigan law, statutes of limitations are "procedural devices intended to promote judicial economy and the rights of defendants." *Stephens v. Dixon*, 449 Mich. 531, 534, 536 N.W.2d 755, 756 (1995). It prevents the litigation of stale claims and relieves defendants from the fear of protracted litigation. *Frankenmuth Mut. Ins. Co. v. Mar-*

*lette Homes, Inc.*, 456 Mich. 511, 515, 573 N.W.2d 611, 613 (1998). The rationale behind the *Pohutski* decision was entirely different. According to the Michigan Supreme Court, the April 2, 2002 cut-off date was designed to protect those litigants who relied on the Michigan Supreme Court's prior ruling in *Hadfield* when making insurance decisions and who otherwise would not be covered under 2001 PA 222. *Pohutski* at 697–98, 641 N.W.2d 219. The statute of limitations and the *Pohutski* cut-off date protect different parties, and tolling the *Pohutski* cut-off date would contravene the plain language of the Michigan Supreme Court, which I cannot do. *See Montgomery Ward & Co. v. Morris*, 273 F.2d 452 (6th Cir.1960) (holding that federal courts must accept the decision of the State's highest court even if it is an erroneous one).

Plaintiffs also contend that since the Court's rationale in *Pohutski* was to avoid "[denying relief to a] distinct class of litigants . . .because of an unfortunate circumstance in timing" (*Id.* at 698, 641 N.W.2d 219), I should interpret the Court's April 2, 2002 cut-off date loosely to allow unnamed litigants to bring suit under the old *Hadfield* doctrine. However, this would contravene the plain language of the Michigan Supreme Court's holding.[1]

For the foregoing reasons, only cases brought (filed) before April 2, 2002[2] are exempt from the Michigan Supreme Court's immunity holding and any reference to potential plaintiffs by the use of John Doe, Jane Doe, or "other parties similarly situated" terminology is stricken

---

1. Plaintiffs correctly point out that I have not yet approved or denied their class certification motion. However, given the Michigan Supreme Court's *Pohutski* decision, a class certified now would only include plaintiffs whose names were on the complaint as of April 2, 2002. Unnamed plaintiffs would no

longer be similarly situated because they did not "bring suit" by April 2, 2002 under *Pohutski*.

2. On the court's docket are 1,615 cases that were filed by plaintiffs before April 2, 2002.

and dismissed from the trespass/nuisance claim.

**IT IS SO ORDERED.**