# STATE OF MICHIGAN

# COURT OF APPEALS

FIDELITY NATIONAL TITLE INSURANCE
COMPANY,

        Plaintiff,

v

CHS-HAMILTON, INC. f/k/a HAMILTON
FARM BUREAU COOPERATIVE, INC.,

        Defendant-Appellant,

and

JOHN WILTZER and JOHN J. WILTZER, INC.,

        Defendants-Appellees.

UNPUBLISHED
October 30, 2014

No. 316084
Grand Traverse Circuit Court
LC No. 2011-028825-CZ

Before: FITZGERALD, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. (*dissenting*)

I respectfully dissent from the majority's decision to reverse the trial court's award of sanctions because I believe this Court is required to defer to the trial court under the circumstances of this case.

I agree with the majority's recitation of the facts and applicable law. However, I disagree with the majority's application of the standard of review and conclusion that the trial court erred in imposing sanctions. Our review is not de novo. Rather, where a party challenges some underlying fact supporting the trial court's decision, then the appropriate standard of review is clear error, and the reviewing court must defer to the trial court's view of the facts unless the reviewing court is left with the definite and firm conviction that a mistake has been made by the trial court. *Herald Co Inc v Eastern Michigan Univ Bd of Regents*, 475 Mich 463, 470-472; 719 NW2d 19 (2006). Consequently, this Court will not reverse a trial court's finding of frivolity merely because we would have arrived at a different conclusion, but rather only if we are certain that the trial court was wrong. I believe the majority erroneously fails to afford the trial court the deference which it is due.

Hamilton's entire defense was, in effect, that the four corners of the written agreements imposed no duty to discharge the particular mortgage at issue, so therefore Hamilton had no such

duty. The trial court reasonably observed that Hamilton's past dealings showed that Hamilton appeared not to regard the four corners of the written agreements as the entirety of its actual agreements, if indeed Hamilton regarded the written agreements as even relevant. The trial court further reasonably observed that national standards made Hamilton's past dealings proper or even mandatory, in contrast to actions or inactions that would seem dictated by the written agreements. Consequently, the trial court issued sanctions upon finding that there was no reasonable basis to believe the facts asserted by Hamilton.

Again, this Court is obligated to defer to the trial court's factual findings and may reverse only if definitely and firmly convinced that the trial court made a mistake. The evidence in the record supports the trial court's factual findings. The fact that Hamilton raised a superficially legally cognizable defense that might have been supportable is not a sufficient basis for overturning a trial court's supported factual findings. We note that the trial court did not hold that Hamilton's position lacked *any* support, but rather *reasonable* support. It appears to me that the majority disagrees with the trial court because it believes Hamilton's defense has factual support. However, clear error may not be found merely because a reviewing court finds that an alternative outcome would have been permissible. See *Hill v City of Warren*, 276 Mich App 299, 308-309; 740 NW2d 706 (2007).

Clearly, the trial court's conclusion does not have *no* support in the record, and I am unpersuaded that Hamilton has carried its burden of showing that the deference this Court must afford trial courts should be overcome. I do not believe the record shows that the trial court clearly erred, therefore I would affirm.


/s/ Amy Ronayne Krause