STATE OF MICHIGAN
COURT OF APPEALS

GREEN TREE SERVICING, L.L.C.,

       Plaintiff-Appellant,

v

MARGARET EPPERSON a/k/a MARGARET IB
EPPERSON and THOMAS RYAN EPPERSON,

       Defendant-Appellees.

UNPUBLISHED
August 23, 2016

No. 326784
Wayne Circuit Court
LC No. 13-011431-CH

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

Fort Hood, J. (*dissenting*).

I dissent. I would reverse in part and affirm in part the trial court's decision that plaintiff's claims were barred by res judicata.

Initially, I address plaintiff's first argument that the trial court erred when it considered defendants' untimely argument that plaintiff's claims were barred by res judicata because defendants were in default. I do not agree that defendants should be barred from raising their res judicata defense on that ground.

Here, defendant Thomas Epperson filed a motion to set aside the default, raising the defense of res judicata, but the court denied the motion. Notably, Thomas was not represented by an attorney, there was no hearing on the motion, and record is void of any explanation for the court's denial. Later, upon obtaining an attorney, defendants appeared in court and verbally objected to plaintiff's motion to enter a default judgment on the basis of res judicata. The trial court ordered the parties to file supplemental briefs regarding the motion to enter the default judgment.

It is true that MCR 2.603(A)(1) provides that "[o]nce the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court." However, MCR 2.603 provides for the setting aside of defaults upon the showing of good cause and a meritorious defense. MCR 2.603(D)(1). Despite the labels assigned by the parties and the court, I would conclude plaintiff was not proceeding with the action, but reasserting his meritorious defense of res judicata. See *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005) (holding that the gravamen of an action is determined by reading the claim as a whole, and looking beyond the procedural labels to determine the exact nature of the claim). In my opinion, the default status of defendants could easily be clarified by the court on remand in full conformity with the court rules. Plaintiff also asserts that the trial

-1-

court could not reconsider or revisit its prior ruling, which is not correct. A trial court is always within its full authority to reconsider an action it previously took unless divested of that authority by an appeal or some other occurrence. *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). For these reasons, I would conclude that the trial court properly considered the merits of whether res judicata applied.

I next address the res judicata issue. Plaintiff argues that the trial court erred when it held that plaintiff's claim was barred by res judicata. As explained by the majority, "[t]he doctrine of res judicata bars a subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008) (footnotes and quotation marks omitted). While stated by the majority, it bears repeating that "[o]ur Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386, 396 (2004).

In the first proceeding, GMAC filed a complaint for reformation or equitable mortgage. In the complaint, GMAC provided primarily the same factual background stated by plaintiff in this action. However, GMAC did not argue that Thomas's interest in the property was invalid, never referencing the fact that defendant Margaret Epperson did not sign the quit claim deed. Indeed, GMAC stated "Although Thomas Ryan Epperson had an interest in the Premises pursuant to the Quit Claim Deed, Thomas Ryan Epperson did not sign the mortgage." GMAC first alleged that Thomas was not included in the mortgage because of mutual mistake, asking the court to reform the mortgage to include Thomas. Second, GMAC alleged that the actual intent of the parties was that the mortgage be secured by the property, and asked the court to impose an equitable mortgage over Thomas. GMAC asked for relief in the form of foreclosure, but, notably, never made allegations regarding the nonpayment of the mortgage. In its opinion following a bench trial, the court found that James Epperson and Margaret had owned the property as tenants in the entirety. In 1993, James conveyed the property via quit claim deed to Margaret and Thomas. Thomas was not a signatory to the mortgage. The court concluded that because Thomas's interest in the property was recorded and GMAC failed to investigate, GMAC was not entitled to reformation or an equitable mortgage against Thomas.

Here, the primary dispute between the parties centers on whether the contested matter in the second action was or *could have been resolved* in the first proceeding. The first complaint was intended to solve the problem with the mortgage as it related to Thomas. The current complaint, on the other hand, was filed to remedy the nonpayment of the mortgage by Margaret. Confining the issue to whether plaintiff should be entitled to foreclose on the basis of Margaret's nonpayment, I agree with the majority that res judicata does not bar the action. Margaret's failure to pay on the mortgage is an ongoing action against plaintiff—one that renews itself each time she fails to make a payment. Since the conclusion of the first proceeding, Margaret has failed to make any payments. Indeed, plaintiff could not have asserted a claim for breach of promissory note or foreclosure in 2011 for the multiple months Margaret has failed to pay since that date. Res judicata should not be used to prevent foreclosure on the mortgage where Margaret continually fails to pay, essentially creating a new basis for a cause of action each month.

However, plaintiff attempted to expand the court's consideration to whether Thomas has an interest in the property. I would conclude that any dispute over whether Thomas has an interest in the property is barred by res judicata because any dispute as to the validity of the conveyance could certainly have been brought in the first proceeding. GMAC, plaintiff's predecessor and privy, admitted that Thomas had an interest in the property and failed to challenge the validity of that interest.

Indeed, the result reached by the majority focuses on the defective deed, and I believe takes a result-oriented approach to this claim. While I agree that the deed does appear to be defective because it was unsigned by Margaret, I do not agree that plaintiff should be permitted to bring yet another action against Thomas, when its predecessor had previously sued Thomas regarding the property and was fully apprised of the relevant facts at the time of the lawsuit. Again, res judicata bars actions that *could have been resolved in the first*. Indeed, the majority makes no explanation for why GMAC could not have raised this issue at the time of the first proceeding. The majority merely states, without explanation, that the "posture of the action" was not one in which the issue could have been litigated. While the issue was not presented to the trial court in the first proceeding, I see absolutely no reason why GMAC could not have challenged the defective deed in its action against Thomas.

I further note that plaintiff was certainly not innocent as it relates to these proceedings. As described by the majority, plaintiff did not raise any issue regarding Thomas's interest in its complaint. Only after defendants, unpresented at the time, were in default did plaintiff attempt to raise this argument, and then proceeded to rely primarily on technical deficiencies rather than the merits of the res judicata issue. Unfortunately, plaintiff techniques appear to have prevailed.

I would reverse in part and remand for further proceedings. As I believe that plaintiff's claims for breach of promissory note and foreclosure remain viable as to Margaret, I would remand to the trial court for determination of plaintiff's available remedies on remand, allowing the parties an opportunity to address the viability of foreclosure and partition given the unusual circumstances presented by the mortgage in that it only attaches to one of the property owners. Because my conclusion would require a determination of the extent of Thomas's interest in the property before plaintiff's remedy for Margaret's nonpayment on the note could be determined, I would also remand to the trial court for that determination. Finally, I would instruct the trial court to clarify the default statuses of defendants.

/s/ Karen M. Fort Hood