*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEAGHAN MAGGIE,

        Plaintiff,

v

MATTHEW VANCLEAVE,

        Defendant,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellant,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY and FALLS LAKE NATIONAL
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
April 22, 2025
2:53 PM

No. 369867
Wayne Circuit Court
LC No. 22-000867-NI

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Defendant-appellant, Farm Bureau Mutual Insurance Company of Michigan (Farm Bureau), appeals as of right the trial court's grant of summary disposition to defendants-appellees, Progressive Michigan Insurance Company (Progressive) and Falls Lake National Insurance Company (Falls Lake), under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for further proceedings consistent with this opinion.

-1-

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose when plaintiff sustained injuries after being struck by a motor vehicle as a pedestrian. Plaintiff did not have automobile insurance, was not married, and had no children. Plaintiff testified she lived with her mother and stepfather, neither of whom had automobile insurance. As such, plaintiff applied for personal protection insurance (PIP) benefits through the Michigan Assigned Claims Plan (MACP). The MACP assigned plaintiff's claim to Farm Bureau.

Farm Bureau investigated plaintiff's eligibility for PIP benefits and learned that, while plaintiff primarily lived with her mother, she went back and forth between her parents' home for years. She spent two nights and three days each week at her father's house, where she had her own bedroom, kept some belongings, and performed household chores. She also had a key to the house. Her father lived with his brother, plaintiff's uncle, and each owned their own vehicle. Progressive insured plaintiff's father; Falls Lake insured her uncle.

Plaintiff filed suit after all three insurers refused to pay her PIP benefits.[1] All three insurers moved for summary disposition, each alleging they were not responsible for payment of plaintiff's PIP benefits. The trial court granted Progressive's and Falls Lake's motions, holding that, while their respective policies covered relatives who *reside* with the insureds, the no-fault act, MCL 500.3101 *et seq.*, which only covered relatives who were *domiciled* with the insureds, controlled, and there was no genuine issue of material fact that plaintiff was domiciled in her mother's home. It denied Farm Bureau's motion to dismiss because, as the other insurers were not obligated to pay for plaintiff's PIP benefits, Farm Bureau remained responsible.

While the case was still pending against Farm Bureau, this Court issued its decision in *Mapp v Progressive Ins Co*, 346 Mich App 575, 579; 13 NW3d 643 (2023). In *Mapp*, we held that "a no-fault automobile policy may provide for greater PIP benefits than are required under the [no-fault] act[.]" As a result of the *Mapp* decision, Farm Bureau moved for relief from the trial court's orders granting summary disposition to Progressive and Falls Lake. The trial court denied the motion on the basis that Farm Bureau, by failing to seek appellate review, failed to preserve its right to object the trial court's earlier orders. Farm Bureau now appeals.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court may only consider, in the light most favorable to the party opposing the motion, the affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties. Under MCR 2.116(C)(10), summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. There is a genuine issue of material fact when

---

[1] Plaintiff also brought a negligence claim against the driver, defendant Matthew Vancleave, but he was dismissed without prejudice pursuant to the parties' stipulation. Neither Vancleave nor plaintiff are parties to this appeal.

reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party. This Court is liberal in finding genuine issues of material fact.

Additionally, issues of statutory construction are questions of law, which this Court reviews de novo. Likewise, this Court reviews de novo, as a question of law, the construction and interpretation of an insurance contract. [*Mapp*, 346 Mich App at 584 (quotation marks, ellipses, and citation omitted).]

III. ANALYSIS

Farm Bureau argues that the trial court erred in granting summary disposition to Progressive and Falls Lake by concluding that domicile, not residency, controlled. We agree.

Under the no-fault act, a PIP policy "applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either *domiciled* in the same household, if the injury arises from a motor vehicle accident." MCL 500.3114(1) (emphasis added). An injured person who does not qualify for any of the above categories "shall claim [PIP] benefits under the assigned claims plan[.]" MCL 500.3115. Farm Bureau conceded below that plaintiff was domiciled with her mother. Thus, there is no dispute that, at least under the no-fault act, plaintiff was not entitled to PIP benefits from Progressive or Falls Lake.

However, as noted, this Court recently held that "a no-fault automobile insurance policy may provide for greater PIP benefits than are required under the [no-fault] act[.]" *Mapp*, 346 Mich App at 579. Thus, the question here, as it was in *Mapp*, is whether "the policy at issue in this case does provide for greater benefits[.]" *Id*. Progressive's and Falls Lakes' policies are substantively similar in identifying who is eligible for PIP benefits. Progressive's policy provides that an "eligible injured person" included "you or any relative who sustains accidental bodily injury in an accident involving a motor vehicle" as well as "any other person who meets the statutory requirements of the Michigan No-Fault Act[.]" It defined "relative," in pertinent part, as "a person *residing in the same household* as you, and related to you by blood . . . ." (Emphasis added). Falls Lakes' policy defined an "insured," in relevant part, as "you or any family member[.]" It defined "family member," in relevant part, as "a person related to you by blood . . . who is a *resident of your household*." (Emphasis added). There is no dispute that plaintiff is related to her father and uncle by blood.

The policy at issue in *Mapp* similarly provided coverage for residents residing in the same household as a named insured. *Id*. at 581. As we explained in *Mapp*, the term "reside" implies broader coverage than the term "domicile." *Id*. at 586. A domicile is "[a] place where a person lives or has his home," that is, a place which "is acquired by the combination of residence and the intention to reside in a given place[.]" *Id*. at 587-588 (quotation marks and citation omitted). By contrast, "the term 'reside' can be understood as meaning living in a place for substantial time beyond mere transient physical presence." *Id*. at 596. There remain genuine issues of fact as to whether plaintiff "resided" at her father's and uncle's home: she had her own room, kept some belongings there, helped with household chores, and had her own key. Thus, a genuine issue of material fact existed as to whether Progressive's and Falls Lakes' policies covered plaintiff, and summary disposition was inappropriate.

-3-

We are unpersuaded by Progressive's and Falls Lake's attempts to distinguish the facts of this case from *Mapp*. First, they argue that plaintiff is not a "resident" of her father's and uncle's home as defined in their respective policies, because neither her father nor her uncle named her as a resident driver in their applications, and she was not named in either policy. Both policies provide coverage for relatives who are residents of the insured's household. What they do not do is limit coverage to those relatives who are residents who are expressly named in the policy. To the extent that a "resident of the insured's household"[2] is not formally defined in either policy, we accord them their "commonly understood meaning." *Droulliard v American Alternative Ins Corp*, 504 Mich 919, 919; 929 NW2d 777 (2019) (quotation marks and citation omitted). As we held in *Mapp*, the term "reside" is generally defined as "living in a place for substantial time beyond mere transient physical presence." *Mapp*, 346 Mich App at 596. Further, we defined the term "household" in an insurance policy as "one family unit living together under the same roof." *Id*. (quotation marks and citation omitted). "A flexible approach should be employed in determining whether relatives are 'residing in the same household,' considering the circumstances of the living arrangement." *Id*. Given the facts of this case, there remain questions of fact as to whether plaintiff resided in her father's and uncle's household.

Progressive and Falls Lake next attempt to distinguish *Mapp* from this case by emphasizing that the plaintiff in *Mapp* was named in the insured's policy as a driver and resident relative. *Id*. at 583. However, as explained, the fact that plaintiff in this case was not named in either policy does not immediately disqualify her from being considered a resident relative of her father or uncle. Nor did we make any such holding in *Mapp*. Rather, our reasoning in *Mapp* was based on the commonly understood meanings of the undefined words in the policy—that a family member resides in an insured's household if they live there "for substantial time beyond mere transient presence" as "one family unit living together under the same roof." *Id*. at 596 (quotation marks and citation omitted). Because there remain genuine issues of fact as to whether plaintiff qualifies under this definition, summary disposition was inappropriate.

Progressive and Falls Lake finally point to certain "restricting clauses" in their respective policies to support their arguments that their coverages are limited to that provided by the no-fault act. These arguments are similarly unavailing. Beginning with Progressive, it relies on the following language found in a section entitled "Limits of Liability" in support of this argument: "No coverage will be provided under this Part II except as required by the Michigan No-fault Law, Chapter 31 of the Michigan Insurance Code, as amended." Progressive argues this language unambiguously restricts its coverage for PIP benefits to those prescribed by the no-fault act, demonstrating it did not intend to expand coverage beyond what is required. The term "coverage" is not defined in the policy.

Insurance policies must be "read as a whole and meaning should be given to all terms." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 715; 706 NW2d 426 (2005). In addition, "[a]n insurance contract must be construed so as to give effect to every word, clause, and phrase, and a construction should be avoided that would render any part of the contract

---

[2] We recognize the definitions in each policy are slightly different, but each substantively requires that the relative be a resident of the insured's household.

surplusage or nugatory." *Id.* Progressive's argument suggests the term "coverage" refers to what categories of individuals are covered by the policy. However, this interpretation would irreconcilably conflict with the policy language providing coverage to relatives "*residing in the same household*." (Emphasis added). "A provision in a contract is ambiguous if it irreconcilably conflicts with another provision, or when it is equally susceptible to more than a single meaning." *Id.*

> If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage. [*Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 566-567; 596 NW2d 915 (1999) (quotation marks and citation omitted).]

Even if we were to accept Progressive's argument concerning the effect of its restricting clause, its interpretation would render its policy ambiguous because its restrictive clause would irreconcilably conflict with its express coverage for residents of an insured's household. *Royal Prop Group*, 267 Mich App at 715. Thus, we must construe the ambiguity against the drafter in favor of coverage. *Farm Bureau Mut Ins Co of Mich*, 460 Mich at 567.[3]

Moving to Falls Lake, Falls Lake relies on a comparatively weaker clause in its policy to limit coverage: "According to the Code, we agree to pay the following benefits to or for an insured who suffers bodily injury . . . ." The policy defines the "Code" as "Chapter 31 of the Michigan Insurance Code[,]" i.e., the no-fault act. Falls Lake argues that this phrase limits its obligation for PIP benefits to only those required by the no-fault act—such as providing coverage only to those domiciled in the insured's home. The common meaning of "according to" is "in conformity with." *Merriam-Webster's Collegiate Dictionary* (11th ed). Thus, the provision simply provides that Falls Lake agrees to pay PIP benefits "in conformity with" the no-fault act. In this respect, the reasoning in *Mapp* addressing a provision stating that any other provision that "fails to conform to the statutes of the state . . . shall be deemed amended to conform to such statutes[,]" is entirely on-point. As *Mapp* explained, because "an insurer may grant coverage broader than that required by statute, any provision that grants broader coverage *does* conform to the statute." *Mapp*, 346 Mich App at 597. "It would only be if the statute prohibits broader coverage that such a policy would

---

[3] We are also far more persuaded by our Supreme Court's definition of "coverage" in *United States Fidelity & Guar Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 16; 795 NW2d 101 (2009), as "the total amount agreed to between the original contracting parties." Using this interpretation, the policy's language that "[n]o *coverage* will be provided under this Part II except as required by the Michigan No-fault Law, Chapter 31 of the Michigan Insurance Code, as amended[,]" (emphasis added), would simply mean that Progressive would not pay any *amounts* not required by the no-fault act. This interpretation would not render any other provisions of the policy surplusage or nugatory, *Royal Prop Group*, 267 Mich App at 715, and, to the extent that this different interpretation further supports the argument that the term is ambiguous, see *id.*, we again would interpret the term in favor of coverage, *Farm Bureau Mut Ins Co of Mich*, 460 Mich at 567.

be nonconforming." *Id*. Thus, the expanded coverage for *resident* relatives of the insured in the Falls Lake policy is "[a]ccording to the code" in that it is in conformity with the no-fault act's requirements. *Id*.

In sum, there remain genuine issues of material fact as to whether Progressive's and Falls Lakes' policies provide coverage to plaintiff, and the trial court erred by granting summary disposition to Progressive and Falls Lake on this basis. As such, we reverse the trial court's orders granting summary disposition to Progressive and Falls Lake and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.[4]

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young

---

[4] In light of our conclusion, it is unnecessary to consider whether the trial court erred by refusing to consider Farm Bureau's motion for relief because it believed Farm Bureau's exclusive avenue for relief was an interlocutory appeal to this Court. Nevertheless, we take this opportunity to clarify that Farm Bureau was not required to seek interlocutory appellate review of the trial court's earlier orders dismissing Progressive and Falls Lake in order to contest them. The trial court had the authority, under MCR 2.604, to revisit those orders while the proceedings remained pending. See *Hill v Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007) (explaining that, under MCR 2.604(A), "an order that does not dispose of all issues in a case does not terminate the action or entitle a party to appeal as of right and 'is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties.' ").

-6-