671 N.W.2d 534 (2003)
Robert and Shirley HILL, Timothy Carlson, Randall and Linda Kolodziejski, William and Beverly Glasson, David and Kristin Abraham, Dennis D. Marlowe, Dennis and Tracy Hight, Ted Dobek, Carolyn Kupiec, Frederick and Michelle Cross, Sandra Powers, Daniel G. Olivares, Francesco and Pamela Simone, Gary Potapshyn, Gerald Kowalski, Frank Vitale, Plaintiffs-Appellees,
v.
CITY OF WARREN, Defendant-Appellant.
Docket No. 123318, COA No. 229292.
Supreme Court of Michigan.
November 21, 2003.
On order of the Court, the application for leave to appeal the February 4, 2003 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this matter to the Macomb Circuit Court for further proceedings. The Macomb Circuit Court's denial of class certification was not clearly erroneous. We note that this case might be procedurally facilitated under MCR 2.505.
MARILYN J. KELLY, J., dissents and states as follows:
I would affirm the decision of the Court of Appeals.
Half a century ago, the city lined its streets with trees and required by ordinance that one be placed in front of every house. Residents were prohibited from removing them and, over time, the roots damaged sewer lines, sidewalks, and lawns. When some homeowners sought permission to remove the trees, the city denied their requests.
Plaintiffs are homeowners who filed suit against the city and sought certification as a class. The trial court held that they failed to establish three of the criteria for certification: commonality, typicality, and superiority. The Court of Appeals reversed the decision. I agree that these criteria were met.
First, commonality means that there are "questions of law or fact common to the members of the class that predominate over questions affecting only individual members...."[1] Here, plaintiffs seek the same relief for the same acts by the city. Individual damages and available defenses may vary, but this is true in every class action. The common legal claims overshadow these variations.[2]
Moreover, the city's actions show that it agrees that the common issues predominate. While this case was pending, the city enacted two ordinances to address these problems and created a board to review its determinations about when a tree may be removed.
Second, typicality means the claims or defenses of the named parties are typical of those of the class because they have the same essential characteristics.[3] The claims in this case all arose from the same alleged conduct by the city, and the defenses available to the city against each class member will be the same.
*535 Third, superiority means that a class action must be superior to individual actions in promoting justice.[4] Here, those who had not initiated suit when Pohutski v. City of Allen Park[5] was decided cannot do so now. Also, many of the claims will never proceed separately because the damages are relatively small compared with the cost of individual litigation. Of those that do proceed, the result in the first action adjudicated will be argued to control in every subsequent action.[6] Consolidation of these claims in a class is more efficient and promotes finality.[7]
Finally, this case is similar to wellknown class actions such as the suit involving silicone breast implants in that it will be difficult to prove causation and damages. Class actions were developed for this kind of situation.[8]
The denial of certification leaves me with "a definite and firm conviction that a mistake has been made."[9] I conclude that the trial court abused its discretion.
MICHAEL F. CAVANAGH, J., concurs in the dissent of MARILYN J. KELLY, J.
NOTES
[1] MCR 3.501(A)(1)(b).
[2] At a minimum, liability could be tried as a class with damages reserved for individualized attention, perhaps through a special master. See, e.g., Sterling v. Velsicol Chem. Corp., 855 F.2d 1188 (C.A.6, 1988).
[3] MCR 3.501(A)(1)(c).
[4] MCR 3.501(A)(1)(e).
[5] 465 Mich. 675, 641 N.W.2d 219 (2002).
[6] MCR 3.501(A)(2)(a).
[7] MCR 3.501(A)(2)(b).
[8] MCR 3.501(A)(2)(d).
[9] People v. Johnson, 466 Mich. 491, 497, 647 N.W.2d 480 (2002).