# Order

Michigan Supreme Court
Lansing, Michigan

May 2, 2008

134720

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

ROBERT HILL, SHIRLEY HILL, TIMOTHY
CARLSON, RANDALL KOLODZIEJSKI,
LINDA KOLODZIEJSKI, WILLIAM
GLASSON, BEVERLY GLASSON, DAVID
ABRAHAM, KRISTIN ABRAHAM, DENNIS
D. MARLOWE, DENNIS HIGHT, TRACY
HIGHT, TED DOBEK, CAROLYN KUPIEC,
FREDERICK CROSS, MICHELLE CROSS,
SANDRA POWERS, DANIEL G. OLIVARES,
FRANCESCO SIMONE, PAMELA SIMONE,
GARY POTAPSHYN, GERALD KOWALSKI,
and FRANK VITALE,
          Plaintiffs-Appellees,

v

CITY OF WARREN,
          Defendant-Appellant.

SC: 134720
COA: 266426
Macomb CC: 2000-001823-CZ

_____/

        On order of the Court, the application for leave to appeal the July 24, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        CORRIGAN, J., concurs and states as follows:

        I concur in the order denying leave to appeal, but I write to point out an error in a portion of the Court of Appeals opinion interpreting the class-certification requirements of MCR 3.501(B).

        MCR 3.501(B)(1)(a) requires that a motion for class certification must be filed "within 91 days after the filing of a complaint that includes class action allegations." Here, plaintiffs filed a class-action complaint on May 2, 2000, and an amended class-action complaint on June 14, 2000. Plaintiffs filed a motion for class certification on June 26, 2000, well within the 91-day requirement of MCR 3.501(B)(1)(a). The trial

court denied that motion, setting off a string of appellate challenges that have continued for over seven years.

Plaintiffs sought leave to appeal the trial court's order denying class certification, which the Court of Appeals denied.[1] Plaintiffs then filed a motion for reconsideration. The Court of Appeals granted rehearing, reversing and remanding to the circuit court for entry of an order granting class certification.[2] This Court held the case in abeyance pending the Court's consideration and release of its opinion in *Pohutski v City of Allen Park* (Docket No. 116949), and *Jones v City of Farmington Hills* (Docket No. 117935).[3] Upon the release of *Pohutski*, 465 Mich 675 (2002), this Court vacated the Court of Appeals order and remanded this case to the Court of Appeals for plenary consideration.[4] The Court of Appeals again reversed the circuit court's denial of class certification.[5] Defendant again sought leave to appeal in this Court. We reversed the Court of Appeals and remanded to the trial court for further proceedings, holding that "[t]he Macomb Circuit Court's denial of class certification is not clearly erroneous."[6]

On remand to the trial court, plaintiffs filed a "renewed" motion for class certification, some four years after plaintiffs filed their original complaint. The trial court granted the motion, stating that it was treating the motion as a motion for reconsideration of its original ruling. On reconsideration, the trial court held that "after much careful consideration of the record and pleadings filed since the court's initial decision denying class certification," it was "persuaded that the commonalities in the case outweigh the causation and damages issues to be resolved." Defendants again filed an interlocutory application for leave to appeal, which the Court of Appeals denied for failure to persuade that court of the need for immediate review.[7] This Court remanded to the Court of Appeals for consideration as on leave granted to consider whether *Pohutski*, affected the

---

[1] *Hill v City of Warren*, unpublished order, entered December 1, 2000 (Docket No. 229242).

[2] *Hill v City of Warren*, unpublished order, entered January 29, 2001 (Docket No. 229292).

[3] *Hill v City of Warren*, 641 NW2d 857 (2002).

[4] *Hill v City of Warren*, 466 Mich 871 (2002).

[5] *Hill v City of Warren*, unpublished opinion per curiam of the Court of Appeals, issued February 4, 2003 (Docket No. 229292).

[6] *Hill v City of Warren*, 469 Mich 964 (2003).

[7] *Hill v City of Warren*, unpublished order, entered April 11, 2005 (Docket No. 259706).

class-certification issue.[8]  On remand, the Court of Appeals affirmed the trial court in a published opinion.[9]

The Court of Appeals affirmed the trial court's grant of plaintiffs' "renewed" motion for class certification, in part, on its misinterpretation of MCR 3.501.  The Court of Appeals held that plaintiffs complied with MCR 3.501, comparing a motion for certification to a motion for decertification and noting:

> There is no time limitation on a motion for decertification, and indeed a party could theoretically file multiple motions, subject to the prohibition against groundless motions found in MCR 2.114.  The plain language of the court rule mandates that *a* motion for certification be brought within 91 days of the complaint; it does not forbid subsequent motions or mandate any particular timing requirements for bringing them. [Emphasis in original; citation omitted.][10]

The Court of Appeals interpretation of MCR 3.501 is not supported by the rule's plain language.  MCR 3.501(B)(1)(a) provides:

> Within 91 days after the filing of a complaint that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action.

Neither this provision nor any of the remaining provisions of MCR 3.501 provides any textual support for the Court of Appeals conclusion that a plaintiff may file multiple class-certification motions without any time limits.  Instead, MCR 3.501(B)(1)(b) and (3)(a) contemplate only one class certification motion.  In outlining the procedures for certification of class actions, MCR 3.501(B)(1)(b) states that "[t]he time for filing *the* motion may be extended by order on stipulation of the parties or on motion for cause shown."  (Emphasis added.)  MCR 3.501(B)(3)(a) states that "[e]xcept on motion for good cause, the court shall not proceed with consideration of *the* motion to certify . . . ."  This Court has previously explained that the word "the" indicates the singular, whereas "a" connotes an indefinite or general article.  *Robinson v Detroit*, 462 Mich 439, 461-462 (2000) (distinguishing "the proximate cause" from "a proximate cause").  MCR 3.501(B)(1)(b) could have provided that "the time for filing *a* motion may be extended by order on stipulation of the parties or on motion for cause shown."  MCR 3.501(B)(3)(a) could have provided that "the court shall not proceed with consideration of *a* motion for certification."  Both provisions, however, did not so provide.  Absent a provision in MCR 3.501 indicating otherwise, we interpret "*the*

---

[8] *Hill v City of Warren*, 474 Mich 916 (2005).

[9] *Hill v City of Warren*, 276 Mich App 299 (2007).

[10] *Id*. at 306.

motion to certify" and "the time for filing *the* motion" as allowing one motion for class certification.

Moreover, multiple class-certification motions are not contemplated. MCR 3.501 provides specific procedures when a party cannot proceed with a class-certification motion within the first 91 days. As noted above, MCR 3.501(B)(1)(b) provides that the time for filing the class-certification motion may be extended by order on stipulation of the parties or on motion for cause shown. And MCR 3.501(B)(3)(b) provides that "[t]he court may allow the action to be maintained as a class action, may deny the motion, or may order that a ruling be postponed pending discovery or other preliminary procedures." The court rule does not offer other expansive options. Therefore, the Court of Appeals erred in construing MCR 3.501 to authorize multiple motions for class certification.[11]

The Court of Appeals, however, also relied on MCR 2.119(F)(1), which provides that *"[u]nless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 14 days after entry of an order disposing of the motion."* MCR 2.604(A) provides, in relevant part, as follows:

> Except as provided in subrule (B), an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties.

Under MCR 2.604(A), a trial court has the power to revisit its prior rulings unless it has entered a final judgment that adjudicates all the claims, rights, and liabilities of the parties. Here, plaintiffs filed their motion for class certification within 91 days of filing their class-action complaint. While the trial court initially denied plaintiffs' motion, that denial was not a final judgment on all the claims, rights, and liabilities of the parties. Therefore, the trial court did not err in reconsidering its prior ruling on plaintiffs' class-certification motion under MCR 2.604(A). On that basis, I concur in the order denying leave to appeal.

---

[11] The Court of Appeals also erred in stating that MCR 3.501 could allow a party to file multiple motions for class decertification. Nothing in the rule lends support to such an interpretation.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 2, 2008

*Corbin R. Davis*

Clerk

p0429